1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2    Including Professional Corporations
   DOUGLAS R. HART, Cal. Bar No. 115673
3  JENNIFER B. ZARGAROF, Cal. Bar No. 204382
   DANIEL J. McQUEEN, Cal. Bar No. 217498
4  JULIE WONG, Cal. Bar No. 247342
   333 South Hope Street, 48th Floor
5  Los Angeles, California  90071-1448
   Telephone:  213-620-1780
6  Facsimile:  213-620-1398
   dhart@sheppardmullin.com
7  jzargarof@sheppardmullin.com
   dmcqueen@sheppardmullin.com
8  jwong@sheppardmullin.com

9  Attorneys for Defendants LONGS DRUG
   STORES CALIFORNIA, INC.; LONGS
10 DRUG STORES CORPORATION; LONGS
   DRUG STORES CALIFORNIA, L.L.C.,
11 LONGS DRUG STORES, L.L.C., CVS
   CAREMARK CORPORATION

12

                UNITED STATES DISTRICT COURT

13              SOUTHERN DISTRICT OF CALIFORNIA

14

15 | CHARLES JONES, individually, and | Case No.: 08-cv-2156 W NLS
   on behalf of other members of the |
16 general public similarly situated, | **DEFENDANTS' MEMORANDUM**
                                      | **OF POINTS AND AUTHORITIES**
17                  Plaintiff,        | **IN SUPPORT OF MOTION FOR**
                                      | **SUMMARY JUDGMENT OR**
18            v.                      | **PARTIAL SUMMARY JUDGMENT**

19 LONGS DRUG STORES                  | Hearing Date:  November 16, 2009
   CALIFORNIA, INC., a California     | Time:  10:30 a.m.
20 corporation; LONGS DRUG STORES     | Room:  7
   CORPORATION, a Maryland            | NO ORAL ARGUMENT PURSUANT
21 corporation; LONGS DRUG STORES     | TO LOCAL RULE
   CALIFORNIA, L.L.C., a California   |
22 limited liability corporation; LONGS | [Filed concurrently with Notice of
   DRUG STORES, L.L.C., a Maryland    | Motion and Motion, Separate Statement
23 limited liability corporation; CVS | of Undisputed Material Facts, Request
   CAREMARK CORPORATION, a           | for Judicial Notice, Declarations of
24 Delaware corporation;              | Sandy Reynoso and Daniel J. McQueen,
                                      | and [Proposed] Order]
25                  Defendants.       |
                                      | [Complaint Filed:  November 21, 2008]
26                                    | Trial Date:  None Set

27

28

---
W02-WEST:1DJM1\402215157.1                    DEFENDANTS' MSJ:  MEMORANDUM OF POINTS AND
                                                                         AUTHORITIES

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................1

II. SUMMARY OF RELEVANT FACTS ...............................................2

III. ARGUMENTS AND AUTHORITIES .............................................4

    A.  Plaintiff's Wage Statements Complied With Labor Code Section
       226 .................................................................................................4

    B.  Plaintiff's Claim Is Subject To Summary Adjudication Because He
       Has Not Suffered Any Injury As A Result Of His Allegedly Defected
       Paystubs .......................................................................................10

    C.  Defendants Did Not Knowingly And Intentionally Violate The Law;
       Thus, Plaintiff Cannot Recover Penalties ..................................14

    D.  Because He Is A Former Employee, Plaintiff Lacks Standing To Seek
       Injunctive Relief .........................................................................15

    E.  Because Plaintiff's Paystubs Were Legally Compliant, There Is No
       Unlawful Behavior To Enjoin ....................................................17

IV. CONCLUSION..................................................................................17

W02-WEST:1DJM1\402215157.1

1

## TABLE OF AUTHORITIES

2

**Cases**

3  ACLU v. Lomax, 471 F.3d 1010 .............................................................................15

4  Aguilar v. Association for Retarded Citizens, 234 Cal. App. 3d 21 ........................9

5  Allen v. Wright, 468 U.S. 737 ................................................................................15

6  Amaral v. Cintas Corp., 163 Cal. App. 4th 1157....................................................14

7  Baas v. Dollar Tree Stores, Inc., 2009 U.S. LEXIS 57531 ....................................16

8  Barnhill v. Robert Saunders & Co., 125 Cal. App. 3d 1 .........................................14

9  Bell v. Farmers Insurance Exchange, 87 Cal. App. 4th 805.....................................9

10  Brinkley v. Public Storage, Inc., 167 Cal. App. 4th 1278 .......................................14

11  California School of Culinary Arts v. Lujan, 112 Cal. App. 4th 16..........................9

12  Clark v. City of Lakewood, 259 F.3d 996 ...............................................................15

13  Credit Suisse First Boston Corp. v. Grunwald, 400 F.3d 1119 .................................7

14  E.W. Bliss Co. v. Superior Court, 210 Cal. App. 3d 1254 .......................................8

15  Elliot v. Spherion Pacific Work, LLC, 572 F. Supp. 2d 1169.................4, 5, 11, 14

16  Global Horizons, Inc. v. United States DOL, 510 F.3d 1054.................................17

17  Hodgers-Durgin v. De La Vina, 199 F.3d 1037 .....................................................16

18  Huynh v. Chase Manhattan Bank, 465 F.3d 992.....................................................16

19  Lewis v. Casey, 518 U.S. 343 .................................................................................16

20  Meyer v. Sprint Spectrum LP, 45 Cal. 4th 634 ................................................12, 13

21  Murphy v. Kenneth Cole Productions, Inc., 40 Cal. 4th 1094 ...........................7, 11

22  Napoto v. DHL Express, Inc., 2009 U.S. LEXIS 62891 ........................................16

23  People v. Broussard, 5 Cal. 4th 1067........................................................................7

24  Rubin v. Wal-Mart Stores, Inc., 599 F. Supp. 2d 1176 ...................................8, 9, 14

25  Starbucks Corp. v. Superior Court, 168 Cal. App. 4th 1436...................................13

26  Villacres v. ABM Industries, Inc., 2009 U.S.Dist. LEXIS 5545............................11

27  Walsh v. Nev. Dep't of Human Resources, 471 F.3d 1033 .....................................16

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. <u>INTRODUCTION</u>

Plaintiff Charles Jones asserts a single cause of action under California Labor Code section 226 against Defendants Longs Drug Stores California, Inc., Longs Drug Stores Corporation, Longs Drug Stores California, L.L.C., Longs Drug Stores, L.L.C., and CVS Caremark Corporation.  Jones was formerly employed by, as a pharmacist at a Longs Drug Stores location in La Jolla, California location.  He quit his employment on or around December 7, 2007.  He filed this lawsuit on November 21, 2008.

Labor Code section 226 sets forth a list of up to nine items which must be included on the itemized wage statements (*i.e.*, paystubs) that employees receive with their paychecks.  Plaintiff asserts that his paystubs were unlawful because they failed to:  (1) include the complete name and address of his employer; (2) list his full social security number; and (3) show his total hours worked.

Due to this purported violation, Plaintiff seeks the statutory penalty provided by Labor Code section 226(e):  "fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for… each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000)."  Pursuant to Labor Code section 226(g), Plaintiff also seeks injunctive relief to "ensure compliance" with the statute's requirements.

Plaintiff's complaint lacks factual and legal merit.  Plaintiff cannot recover section 226(e) penalties because his paystubs were fully compliant with the law.  Also, to recover penalties, Plaintiff must demonstrate that he suffered "injury as a result of a knowing and intentional failure…" by Defendants to provide legally sufficient paystubs.  *See* Labor Code § 226(e).  Here, as his sole allegation of purported injury, Plaintiff asserts that he and the putative class were "injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in

-1-

1  receiving, accurate, itemized wage statements under California Labor Code section
2  226(a)." (First Amended Complaint ("FAC") at 8:23-27.) In other words, the
3  "injury" Plaintiff alleges to support his claim for penalties due to a purported
4  violation of the statute is a violation of the statute itself. Plaintiff's circular
5  reasoning is inherently flawed and improper as a matter of law. Also, there is no
6  evidence that Defendants "intentionally" or "knowingly" violated the statute. As
7  such, Plaintiff's claim for penalties under section 226(e) is without support.

8      The claim for injunctive relief under Labor Code section 226(g)
9  likewise fails for at least two reasons. First, Plaintiff admits that he no longer works
10 for Defendants and, as such, there is no "real and immediate" possibility that he will
11 suffer further injury due to Defendants' acts. Therefore, Plaintiff lacks standing to
12 pursue injunctive relief. Second, Plaintiff cannot establish that a violation of Labor
13 Code section 226 actually occurred. Thus, there is no unlawful conduct to enjoin.

14     Because Plaintiff's claims under Labor Code section 226 are legally and
15 factually unsupported, Defendants respectfully request that summary judgment of
16 Plaintiff's complaint be granted.

17

18     **II. <u>SUMMARY OF RELEVANT FACTS</u>**

19     Plaintiff is a pharmacist by profession. (Deposition of Charles Jones
20 ("Jones") at 29:7-15.) (All cited deposition pages are attached as Exh. A to the
21 concurrently filed Declaration of Daniel J. McQueen.) On or around November 25,
22 2006, Plaintiff accepted employment with defendant Longs Drug Stores California,
23 Inc., as a pharmacist in the company's La Jolla, California location. (Separate
24 Statement of Undisputed Material Facts, Fact ("Fact") 1.) Plaintiff ended his
25 employment on or around December 7, 2007. (Fact 7.)

26     During his employment, Plaintiff received paystubs. (Fact 2.) Plaintiff
27 contends that his paystubs were legally insufficient for three reasons. (Jones at
28 41:17-42:7.) First, Plaintiff asserts that his paystubs incorrectly listed his employer

1    as "Longs Drugs Stores," as opposed to "Longs Drugs Stores California, Inc."  (Fact

2    3.)[1]

3            Second, Plaintiff alleges that his paystubs were deficient because they

4    failed to include his full social security number.  (Jones at 52:14-21; FAC at 8:15-

5    19.)  Instead, Plaintiff's paystubs only listed the last four digits of his social security

6    number.  (Fact 4.)

7            Finally, Plaintiff asserts that his paystubs violated the law because they

8    "failed to show the total actual number of hours worked by Plaintiff."  (FAC at 8:15-

9    19; Jones at 41:17-42:7; 45:12-18.)  Importantly, Plaintiff concedes that all of his

10   work hours were accurately shown on his paystubs.  (Fact 5.)  Plaintiff nevertheless

11   contends that his paystubs were defective because they failed to add up his different

12   work hours into a single figure.  (Fact 6.)  For example, between November 16 and

13   22, 2007, Plaintiff worked a total of 24 regular hours and 0.62 overtime hours, and

14   these hours are accurately shown on the relevant paystub.  (Exh. C to McQueen

15   Decl.)  However, Plaintiff contends that this paystub was unlawful because it failed

16   to include a single figure of 24.62 hours.

17           Plaintiff alleges that he was "injured" by each of these three purported

18   deficiencies by the mere fact – in and of itself – that he did not receive a legally

19   compliant paystub.  (Fact 8.)  Plaintiff admits that he suffered no other "injuries" or

20   "damages" due to his paystubs.  (Fact 9.)  For example, Plaintiff concedes that he

21   was correctly compensated at all times during his employment.  (Fact 10.)

---

[1]    In his complaint, Plaintiff also asserts that his paystubs were deficient because
they did not contain the correct address of his employer.  (Complaint at 6:5-
10.)  At deposition, however, Plaintiff testified that there were only three
issues with his paystub and his employer's address was not one of them.
(Jones at 41:17-42:11.)  Thus, Plaintiff has apparently abandoned his address-
related claim.  Moreover, during the pertinent time period, the address of
Longs Drug Stores California, Inc. was P.O. Box 5222, Walnut Creek,
California 94596.  (Declaration of Sandy Reynoso at ¶ 3.)  This address was
noted on Plaintiff's paystubs.  (Plaintiff's paystubs, attached as Exh. C to
McQueen Decl.)  As such, there is no potential legal violation based on an
incorrect address.

1   Due to these alleged "injuries," Plaintiff seeks at least $5,000,000 in

2   penalties on behalf of himself and a putative class of individuals who worked as

3   hourly employees for "Defendants in the State of California within one year prior to

4   the filing of this complaint…."  (FAC at 1:6-11; 3:22-25.)  The complaint was filed

5   on November 21, 2008.  Thus, this lawsuit relates to the period of November 21,

6   2007 to the present.  Because Plaintiff only worked for Defendant until on or around

7   December 7, 2007, this lawsuit concerns only the last two weeks of his employment.

8

9   ## III.  ARGUMENTS AND AUTHORITIES

10  **A.   Plaintiff's Wage Statements Complied With Labor Code Section 226**

11  Labor Code section 226(a) requires California employers to provide

12  employees with paystubs that "show" the following nine pieces of information:

13  > (1) gross wages earned, (2) total hours worked by the employee… (3)
    > the number of piecerate units earned and any applicable piece rate if
14  > the employee is paid on a piece-rate basis, (4) all deductions,
    > provided that all deductions made on written orders of the employee
15  > may be aggregated and shown as one item, (5) net wages earned, (6)
    > the inclusive dates of the period for which the employee is paid, (7)
16  > the name of the employee and his or her social security number,
    > except that by January 1, 2008, only the last four digits of his or her
17  > social security number or an employee identification number other
    > than a social security number may be shown on the itemized
18  > statement, (8) the name and address of the legal entity that is the
    > employer, and (9) all applicable hourly rates in effect during the pay
19  > period and the corresponding number of hours worked at each hourly
    > rate by the employee.
20

21  Contrary to Plaintiff's assertion, his paystubs complied fully with each of these

22  requirements and, thus, summary judgment is warranted.

23

24  **1.   Plaintiff's Paystubs Properly Listed His Employer's Name**

25  Plaintiff alleges that his paystubs were legally deficient because they

26  identified his employer as "Longs Drug Stores" instead of "Longs Drug Stores

27  California, Inc."  Thus, the question becomes whether a statutory violation exists

28  simply because the term "California, Inc." was omitted.  Recently, the court in Elliot

-4-

1  v. Spherion Pacific Work, LLC, 572 F. Supp. 2d 1169 (C.D. Cal. 2008), explicitly

2  rejected such an argument.

3        In Elliot, the plaintiff was employed by "Spherion Pacific Workforce,

4  LLC," but her paystubs used the name "Spherion Pacific Work, LLC" (i.e., "force"

5  was omitted from the word "Workforce.") Id. at 1179.  The plaintiff argued that this

6  omission rendered her paystubs unlawful.  The court disagreed, explaining that the

7  employer:

8      did not violate this section merely by slightly truncating its name on
   the wage statements.  If the legislature had intended to require an

9      employer to show its complete name on wage statements, it would
   have stated so in this section.  [I]nstead of requiring an employer to

10     state its "complete" or "registered" name, section 226(a)(8) only
   requires the employer to state its "name and address."

11

12 Id. at 1179-1180.  The plaintiff's paystubs included a name and address that

13 reasonably identified her employer.  Id.  Thus, the court concluded:  "As a matter of

14 law, Defendant's self identification on the wage statements is sufficient to satisfy

15 section 226(a)(8)."  Id.

16       Elliot applies squarely to the present facts.  Plaintiff's paystubs contain

17 only a "slightly truncated" version of his employer's name which provided more

18 than sufficient identification.  (Fact 3.)  As such, Defendants complied with Labor

19 Code section 226's requirement to include the "name" of Plaintiff's employer on his

20 paystubs.

21

22     **2.**      **Defendant Properly Included Only The Last Four Digits Of**

23            **Plaintiff's Social Security Number**

24       Plaintiff asserts that Defendants violated Labor Code section 226 by

25 listing only the last four digits of his social security number, as opposed to his

26 complete social security number.  This is not a legal violation.  In fact, section 226

27 actually *forbids* an employer from including an employee's full social security

28 number on his or her paystub.  Specifically, Labor Code section 226(a)(7) provides

-5-

DEFENDANTS' MSJ:  MEMORANDUM OF POINTS AND
AUTHORITIES

1  that each paystub must contain the employee's "social security number, **except that**
2  **by January 1, 2008, only the last four digits of his or her social security number**
3  **or an employee identification number other than a social security number may**
4  **be shown on the itemized statement**."  (Emphasis added.)

5        This provision was added to the Labor Code on January 1, 2005 by SB
6  1618.  *See* July 27, 2004 Senate Floor Analysis, attached as Exh. 1 to the
7  concurrently filed Request for Judicial Notice.  As explained by the Senate Analysis,
8  the bill was intended to address "growing concerns about identity theft.  It offers
9  needed protection to employees and will help stem identity theft crimes.  Proponents
10  state that unauthorized use of SSNs is the most common way criminals are
11  committing identity theft." Id. at 3.  To address these concerns, the bill provided
12  employers a three-year window between January 1, 2005 and January 1, 2008 to
13  phase out the use of full social security numbers and begin using the last four digits
14  or an employee identification number.

15        Here, Plaintiff's paystubs listed the last four digits of his social security
16  number as well as his employee identification number.  (Fact 4.)  Plaintiff's
17  employment ended on or around December 7, 2007.  (Fact 7.)  As such, Plaintiff's
18  paystubs were legally compliant "*by* January 1, 2008" as required by the plain
19  language of the statute.  This being the case, Defendants fulfilled their legal
20  obligations.

21        It is anticipated that Plaintiff will argue that Defendants violated Labor
22  Code section 226 by listing only the last four digits of his social security number
23  prior to the statutory deadline of January 1, 2008.  In other words, Plaintiff will
24  argue that Defendants broke the law by beating its time limit and, thereby, choosing
25  to act more aggressively than needed to protect employees from potential identity
26  theft.  This argument ignores the plain language of the statute, which states that
27  employers must use the last four digits of an employee's social security number "*by*
28  January 1, 2008."  The statute does **not** in any manner state or imply that employers

1   may *only* begin using the last four digits "*on* January 1, 2008." As such, Plaintiff's

2   argument is flawed on its face.

3      Further, it is nonsensical to suggest that Defendants violated the law by

4   moving more quickly than absolutely necessary to prevent possible harm to their

5   workforce. Indeed, by his argument, Plaintiff contends that the Legislature

6   recognized a pressing societal harm in 2005 (*i.e.*, identity theft linked to the

7   publication of full social security numbers), offered a solution in 2005 (*i.e.*, deletion

8   of full social security numbers from employee paystubs), but required that the

9   solution not be implemented – at the very soonest – until *three years later* in 2008.

10   This assertion makes no sense and would require the court to interpret the

11   Legislature's intent in an inherently implausible manner. Such an interpretation is

12   impermissible. *See*, *e.g.*, <u>People v. Broussard</u>, 5 Cal. 4th 1067, 1071 (1993) (a

13   statute cannot be interpreted to require "absurd consequences."); <u>Credit Suisse First</u>

14   <u>Boston Corp. v. Grunwald</u>, 400 F. 3d 1119, 1126 (9th Cir. 2005) (in interpreting a

15   California statute, this court must "look to California principles of statutory

16   construction.") As such, Plaintiff's expected argument must be rejected.

17

18      **3.**     <u>**Plaintiff's Paystubs Correctly "Showed" His Total Hours Worked**</u>

19      Plaintiff contends that his paystubs were defective because they did not

20   contain a single figure which added up his different types of work hours. Plaintiff's

21   interpretation of the statute is incorrect for at least two reasons.

22

23      **a.**     <u>**Under The Plain Meaning Of The Statute, Plaintiff's**</u>

24         <u>**Paystubs "Showed" His "Total Hours Worked"**</u>

25      Absent ambiguity, the "plain and commonsense meaning" of the statute

26   governs. <u>Murphy v. Kenneth Cole Productions, Inc.</u>, 40 Cal. 4th 1094, 1103 (2007).

27   "A dictionary is a proper source to determine the usual and ordinary meaning of a

28

     DEFENDANTS' MSJ: MEMORANDUM OF POINTS AND AUTHORITIES

1  word or phrase in a statute." <u>E.W. Bliss Co. v. Superior Court</u>, 210 Cal. App. 3d

2  1254, 1258, fn. 2 (1989).

3          Labor Code section 226(a) requires employers to furnish paystubs

4  "showing" the employee's "total hours worked...."  The American Heritage

5  Dictionary defines "showing" as "[t]he act of presenting or displaying."  (The

6  American Heritage Dictionary, 4th Edition, 2000).  To "present" is defined as "[t]o

7  offer for observation, examination, or consideration" and to "display" is defined as

8  "[t]o give evidence of; manifest."  <u>Id</u>.  Similarly, Webster's Dictionary defines

9  "show" as "to give indication or record of."  (<i>See</i> http://www.merriam-

10  webster.com/dictionary/show).

11         Thus, under a plain reading of the statute, Defendants complied with

12  the law so long as Plaintiff's paystubs "displayed," "evidenced" or "recorded"

13  information about Plaintiff's total hours of work.  Here, it is undisputed that

14  Plaintiff's paystubs accurately displayed, evidenced and recorded all of his work

15  hours, albeit in separate categories.  (Facts 5-6.)  Thus, while Plaintiff quibbles with

16  the fact that his paystubs did not add up his different categories of work into a single

17  sum, the paystubs nonetheless complied with the law.  Indeed, Plaintiff's argument

18  is meaningless given that the statute contains absolutely no mandate requiring

19  employers to "add up" or "summarize" all hours worked.

20         Recently, the court in <u>Rubin v. Wal-Mart Stores, Inc.</u>, 599 F. Supp. 2d

21  1176 (C.D. Cal. 2009), accepted this common-sense interpretation of the statute.  In

22  <u>Rubin</u>, the plaintiff alleged – precisely as Jones does here – that his paystubs were

23  unlawful because they failed to total up the different categories of work into a single

24  sum.  <i>See</i> Rubin Complaint at 5:19-20; Exhibit 1 to Rubin Complaint.[2]  When

25  considering this claim on the employer's 12(b)(6) motion, the court concluded that

26

27  [2]      A true and correct copy of the <u>Rubin v. Wal-Mart</u> complaint is attached to the
         concurrently filed request for judicial notice as Exh. 2.

28

-8-

1  "The exhibit attached to the Complaint [*i.e.*, the plaintiff's paystub] demonstrates, on

2  its face, that Plaintiff Rubin's pay stubs *did include* the total hours worked."  Id. at

3  1179.  (Emphasis in original.)  Thus, the court held, the plaintiff's "claim fails as a

4  matter of law."  Id.  Because it utilizes a plain-language reading of Labor Code

5  section 226, Rubin is persuasive.  As such, it should be followed.

6

7          **b.      Defendants Followed The DLSE's Interpretation Of The Law**

8          Plaintiff's argument likewise fails because it contradicts the statutory

9  interpretation used by the California Division of Labor Standards Enforcement

10  ("DLSE").  The DLSE is California's wage and hour law enforcement agency.  *See*

11  California School of Culinary Arts v. Lujan, 112 Cal. App. 4th 16, 18 (2003).  As a

12  general rule, the courts defer to the agency charged with enforcing a law when

13  interpreting a law because the agency possesses expertise in the subject area.

14  Aguilar v. Association for Retarded Citizens, 234 Cal. App. 3d 21, 28 (1991).  Thus,

15  court's routinely rely upon DLSE opinions when interpreting California wage and

16  hour statutes.  *See*, *e.g.*, Bell v. Farmers Insurance Exchange, 87 Cal. App. 4th 805,

17  815 (2001) ("it is clear that DLSE's interpretation… is entitled to great weight.").

18          On its official website, the DLSE includes an exemplar paystub which

19  provides guidance to California employers on how to comply with Labor Code

20  section 226.  *See* http://www.dir.ca.gov/dlse/FAQ_Paydays.htm.  ("Click here for an

21  example of an itemized wage statement (pay stub) as required by Labor Code

22  Section 226….")  The exemplar paystub is reproduced below:

23

24

25

26

27

28

DEFENDANTS' MSJ:  MEMORANDUM OF POINTS AND
                                                                                                              AUTHORITIES



Plaintiff's paystubs are essentially identical in format to the exemplar provided by the DLSE. They both list hours worked as separate categories and – contrary to Plaintiff's reading of the statute – they do **not** lump together all hours into a single sum. Indeed, if Plaintiff's interpretation were adopted, paystubs would become confusing and, thus, the statute's purpose would be obviated. Simply put, if all work hours were added together, the employee could not easily ascertain how many hours of overtime he worked and how many hours of regular time were worked. As such, by separating different types of work hours, Defendants properly "showed" total hours worked on Plaintiff's paystubs.

**B.** **Plaintiff's Claim Is Subject To Summary Adjudication Because He Has Not Suffered Any Injury As A Result Of His Allegedly Defected Paystubs**

Assuming *arguendo* that Plaintiff's paystubs were non-compliant, Plaintiff still cannot recover penalties because he did not suffer "injury as a result of" any allegedly defective paystub. Labor Code section 226(e) *only* permits the recovery of penalties to an "employee *suffering injury as a result of* a knowing and intentional failure by an employer to…" provide lawful paystubs. (Emphasis added.) Here, as his sole claim of injury, Plaintiff alleges in a circular fashion that

1   he was "injured" by the mere fact that he was denied the legal right to receive

2   accurate paystubs.  (Facts 8-10.)  This reasoning is legally flawed.  In fact, the court

3   in Elliot, 572 F. Supp. 2d 1169, has already rejected this precise argument.

4           In Elliot, exactly as in the present case, the plaintiff asserted "that any

5   violation of section 226(a) automatically triggers an employee's entitlement to

6   damages and/or penalties under section 226(e)." Id. at 1181.  However, because

7   "this reading of section 226(e) ignores its plain language, which includes 'suffering

8   injury' as a prerequisite for an employer's recovery of damages or penalties for an

9   employer's failure to comply with section 226(a)…," the court found that the

10  plaintiff's argument was without merit. Id.  "By employing the term 'suffering

11  injury,' the statute clearly requires that an employee is not eligible to recover for

12  violations of section 226(a) *unless* he or she demonstrates some injury from the

13  employer's violation." Id. (Emphasis in original.)  Any contrary argument

14  "effectively excises the phrase 'suffering injury' from section 226(e)" and, therefore,

15  "violates the canons of statutory construction requiring the Court to give effect to

16  statutes according to the usual, ordinary import of the language used…." Id.

17  (Internal cites and quotes omitted.)  As Elliot cogently explained:

18
19          Had the legislature intended to expose an employer to liability for
            violations regardless of whether any employee suffered injury, it
            could have drafted the statute to read, "Any employee whose
20          employer fails to comply with subdivision (a) is entitled to
            recover…." Instead, the Legislature drafted the provision with the
21          qualification that an "employee **suffering injury"** may recover for
            violations.
22

23  Id. (Emphasis in original.)  The Legislature must be presumed to have "meant what

24  it said" in drafting the statute. Murphy, 40 Cal. 4th at 1103.  As such, to demonstrate

25  a viable claim for section 226(e) penalties, Plaintiff must assert something more

26  than a mere violation of the statute itself.  He has not.  Thus, his claim should be

27  summarily adjudicated. *See also* Villacres v. ABM Industries, Inc., 2009 U.S. Dist.

28  LEXIS 5545 at *9 (C.D. Cal. 2009) (while discussing a case brought by the *same*

-11-

1   *Plaintiff's counsel*, the court noted "As Plaintiff presents no facts showing actual

2   injury, the Court concludes he does not have a basis for alleging the type of injury

3   under section 226(e) recognized by courts.")  (On appeal.)

4         The California Supreme Court's recent holding in <u>Meyer v. Sprint</u>

5   <u>Spectrum LP</u>, 45 Cal. 4th 634 (2009), supports this conclusion.  In <u>Meyer</u>, the

6   plaintiff sued under the California Consumer Remedies Legal Act ("CRLA")

7   regarding an allegedly unconscionable arbitration provision in her telephone

8   services agreement.  <u>Id</u>. at 638.  The CRLA forbids the inclusion of any

9   unconscionable provision in a customer service contract.  <u>Id</u>. at 639.  The statute

10   also states that any "consumer who suffers any damage as a result of the use or

11   employment by any person of…" such an unconscionable provision may collect no

12   "less than one thousand dollars ($1,000)."  <u>Id</u>.  Other than taking the time needed to

13   prosecute her claim in court, there was no assertion by the plaintiff that she had

14   suffered any independent harm linked to the contract provision in question.  <u>Id</u>. at

15   639.  Indeed, neither she nor Sprint had even sought to enforce the arbitration

16   clause.  <u>Id</u>.  Nevertheless, the plaintiff argued "that the very presence of

17   unconscionable terms within a consumer contract… constitutes a form of

18   damage…" which implicates the $1,000 penalty provision.  <u>Id</u>. at 641.

19         The Supreme Court soundly rejected the plaintiff's argument based on

20   its plain reading of the statute.  As the court noted, the CRLA provides that "Any

21   consumer who suffers any damage *as a result of*…" an unlawful contract provision

22   may recover statutory penalties.  <u>Id</u>. (Emphasis in original.)  Thus:

23   

24       the statute provides that in order to bring a CLRA action, not only must a consumer be exposed to an unlawful practice, but some kind of damage must result.  **If the Legislature had intended to equate**

25   **"any damage" with being subject to an unlawful practice by itself, it presumably would have omitted the causal link between**

26   **"any damage" and the unlawful practice,** and instead would have provided something like "any consumer who is subject to a method,

27   act, or practice declared to be unlawful by [the statute] may bring an action" under the CLRA.

28   

-12-

DEFENDANTS' MSJ:  MEMORANDUM OF POINTS AND
AUTHORITIES

1   Id. (Emphasis added.)  The Legislature had **not** drafted the statute in this manner

2 and, as such, the Supreme Court concluded that a plaintiff must show actual injury

3 in order to recover.  Because the plaintiff in Meyer could not show any purported

4 damage beyond a mere violation of the statute itself, she had no claim.  Id.

5       To buttress its holding, the Supreme Court noted that the plaintiff's

6 construction of the statute would obviously "expand the ability of individuals to

7 bring lawsuits" and, therefore, "has costs as well as benefits."  Id. at 646.  However,

8 based on the statutory language, the court concluded that it is "apparent that the

9 Legislature, in weighing these costs and benefits in drafting the CRLA, set a low but

10 nonetheless palpable threshold of damage, and did not want the costs of a lawsuit to

11 be incurred when no damage could yet be demonstrated."  Id.

12       The California Supreme Court's reasoning applies forcefully to this

13 matter.  Just as in Meyer, this court must analyze a statute which forbids certain

14 behavior, but only allows a suit for penalties where the plaintiff can demonstrate that

15 he or she was injured "as a result of" the offending practice.  Here, just like the

16 plaintiff in Meyer, Plaintiff concedes that he has suffered no independent damages

17 and, instead, argues that he was "injured" due to a purported violation of the statute

18 in and of itself.  As the Supreme Court has already concluded when analyzing a

19 statute with nearly identical language, such a claim is simply not tenable.

20       Further, the policy concerns noted by the Supreme Court apply to this

21 matter.  If this court allows Plaintiff's claim to survive, it will improperly "permit the

22 costs of a lawsuit to be incurred when no damage could yet be demonstrated."  Id.

23 In fact, Plaintiff candidly seeks *more than $5 million* in penalties even though he has

24 suffered **no** legally cognizable injury.  A statute should not be interpreted to allow

25 such a bizarre windfall.  Id; *see also* Starbucks Corp. v. Superior Court, 168 Cal.

26 App. 4th 1436, 1451 (2008) (a court must "narrowly interpret [a Labor Code

27 provision which provides for a $200 penalty] in accordance with the traditional

28 principle that the applicant be a person who has been *aggrieved* by the statutory

    DEFENDANTS' MSJ:  MEMORANDUM OF POINTS AND AUTHORITIES

1  violation.  Any other construction would produce the absurd result of turning the

2  statute into a veritable 'adding machine' that has been decried by our Supreme

3  Court.")  (Emphasis in original.)  Accordingly, Defendant respectfully requests that

4  Plaintiff's claim for penalties under Labor Code section 226 be summarily

5  adjudicated against him.

6

7  **C.**      **Defendants Did Not Knowingly And Intentionally Violate The Law;**

8           **Thus, Plaintiff Cannot Recover Penalties**

9           As set forth by Labor Code section 226(e), statutory penalties are only

10  available where there is a "knowing and intentional failure" to provide legally

11  sufficient paystubs.  When the requirements of a law are unclear, a "knowing and

12  intentional" violation does not exist so long as the employer can present a

13  reasonable defense that – if successful – would preclude recovery on the part of the

14  employee.  *See* Barnhill v. Robert Saunders & Co., 125 Cal. App. 3d 1, 11 (1981);

15  Amaral v. Cintas Corp., 163 Cal. App. 4th 1157, 1201-1204 (2008) (penalties not

16  awarded under Labor Code section 226(e) because the law is uncertain and the

17  employer presented a good faith legal defense to the plaintiff's claims.)

18           Here, there is no California appellate authority which directly explains

19  the requirements of Labor Code section 226 as it relates to the three purported

20  violations asserted by Plaintiff (*i.e.*, regarding the employer's name and address, the

21  last four digits of the employee's social security number, and "showing" total hours

22  worked).[3]  However, as noted, the DLSE paystub exemplar, Rubin v. Wal-Mart and

23  Elliot v. Spherion clearly support Defendants' position.  Based on these authorities,

24  ---

[3]      Note that in Brinkley v. Public Storage, Inc., 167 Cal. App. 4th 1278, 1286

25  (2008), the California Court of Appeal squarely ***rejected*** the plaintiff's
contention "that the receipt of an inaccurate paystub ipso facto constitutes

26  injury within the meaning of section 226, subdivision (e)."  However,
Brinkley is currently on appeal relating to the meaning and impact of the

27  word "provide" in California's meal period statute, Labor Code section 512.
Thus, the decision cannot be used as precedent.

28

-14-

Defendants have presented a reasonable defense which – if successful – will preclude any recovery by Plaintiff.  Therefore, even if Defendants' wage statements are found to be non-compliant, Defendants did not "knowingly and intentionally" violate Labor Code section 226 and penalties would be improper.

**D.** **Because He Is A Former Employee, Plaintiff Lacks Standing To Seek Injunctive Relief**

Labor Code section 226(g) permits an employee to "bring an action for injunctive relief to ensure compliance with this section."  Pursuant to this subsection, Plaintiff seeks an unspecified form of injunctive relief.  *See* FAC at 9:4-6.  To pursue this or any other claim before a federal court, Plaintiff must have standing to sue.  Allen v. Wright, 468 U.S. 737, 750 (1984).  Where standing does not exist, summary judgment is appropriate.  *See, e.g.*, Clark v. City of Lakewood, 259 F. 3d 996, 1016 (9th Cir. 2001) (summary judgment affirmed where the plaintiff lacked standing to challenge the statute in question).

To establish standing, "a plaintiff must show he has suffered an injury in fact, that the injury is traceable to the challenged action of the defendant and that the injury can be redressed by a favorable decision."  Id. at 1006.  "When evaluating whether these three elements are present, [a court] must look at the facts *as they exist at the time the complaint was filed*."  ACLU v. Lomax, 471 F. 3d 1010, 1015 (2006).  (Emphasis in original; internal quotes omitted for clarity.)

Further, if more than one remedy is requested, "a plaintiff must demonstrate standing for each form of relief he seeks…. A determination that the plaintiff has standing to seek damages does not ensure that the plaintiff can also seek injunctive or declaratory relief."  Clark, 259 F. 3d at 1006.  To demonstrate standing for injunctive relief, the plaintiff "must demonstrate a real or immediate threat of an irreparable injury."  Id. at 1007.

1  Here, it is undisputed that Plaintiff is no longer an employee of
2  Defendants.  (Fact 17.)  *See also* FAC at 5:17-20 ("Defendants employed Plaintiff…
3  from on or about November 2006 to on or about December 2007….")  As such,
4  Plaintiff will not receive any further paystubs from Defendants – let alone legally
5  defective paystubs.  Accordingly, Plaintiff lacks standing to sue for injunctive relief
6  under Labor Code section 226(g) because he does not face a "real or immediate
7  threat" of injury.  *See*, *e.g.*, Napoto v. DHL Express, Inc., 2009 U.S. LEXIS 62891
8  at *11 (N.D. Cal. 2009) (injunctive relief claim dismissed because "as a former
9  employee, Naupoto lacks standing to seek injunctive relief, because she cannot
10 show there is a real and immediate threat that she will suffer future wage and hour
11 violations."); Baas v. Dollar Tree Stores, Inc., 2009 U.S. LEXIS 57531 at *8 (N.D.
12 Cal. 2009) (injunctive relief claim dismissed because, as "former employees," the
13 plaintiffs "lack standing to seek injunctive relief because they cannot show that there
14 is a real and immediate threat that they will suffer future wage and hour
15 violations."); Walsh v. Nev. Dep't of Human Resources, 471 F. 3d 1033, 1037 (9th
16 Cir. 2006) (former employee did not have standing to seek injunctive relief to halt
17 allegedly unlawful employment practices).

18 The fact that Plaintiff has asserted a class-action claim on behalf of
19 others who are currently employed and, therefore, may still receive allegedly
20 defective paystubs does not alter this analysis.  *See*, *e.g.*, Hodgers-Durgin v. De La
21 Vina, 199 F. 3d 1037, 1045 (9th Cir. 1999) ("Unless the named plaintiffs are
22 themselves entitled to seek injunctive relief, they may not represent a class seeking
23 that relief."); Lewis v. Casey, 518 U.S. 343, 357 (1996) ("That a suit may be a class
24 action… adds nothing to the question of standing.  [N]amed plaintiffs who represent
25 a class must allege and show that they personally have…" the requisite standing.);
26 Huynh v. Chase Manhattan Bank, 465 F. 3d 992, 1002 at n. 7 (9th Cir. 2006)  ("It is
27 well settled that at least one *named* plaintiff must satisfy the actual injury
28 component of standing in order to seek relief on behalf of himself or the class.")

-16-

(Emphasis in original; internal quotes omitted for clarity.)  Here, as noted, Plaintiff lacks standing to seek injunctive relief.  Thus, his request for such relief on behalf of the putative class is likewise defective and subject to summary judgment.

**E.      Because Plaintiff's Paystubs Were Legally Compliant, There Is No Unlawful Behavior To Enjoin**

To obtain injunctive relief to enjoin unlawful conduct, Plaintiff must necessarily demonstrate that unlawful conduct has in fact occurred.  *See*, *e.g.*, Global Horizons, Inc. v. United States DOL, 510 F. 3d 1054, 1058 (9th Cir. 2007) (injunctive relief improper where the plaintiff's claim lacks merit as a matter of law). Here, as explained above, Plaintiff's paystubs complied with Labor Code section 226.  (Facts 18-23.)  Therefore, Plaintiff's claim for injunctive relief should be summarily adjudicated in Defendants' favor.

## IV.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court summarily adjudicate Plaintiff's complaint.

Dated:  October \_\_\_, 2009         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____

DOUGLAS R. HART
JENNIFER B. ZARGAROF
DANIEL J. McQUEEN
JULIE WONG

Attorneys for Defendants

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071-1448.

On **October 19, 2009**, I served the following document(s) described below as:

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT**

on the interested parties as follows:

Marc Primo
Matthew T. Theriault
Dina Livhits
Initiative Legal Group LLP
1800 Century Park East, 2nd Floor
Los Angeles, CA  90067
telephone:  310-556-5637
facsimile:  310-861-9051

☒ **BY CM/ECF SYSTEM**:  I caused the above-referenced document(s) to be sent by electronic transmission to the Clerk's Office using the CM/ECF System for filing which generated a Notice of Electronic Filing to the CM/ECF registrants in this case.

☒ **FEDERAL:**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **October 19, 2009**, at Los Angeles, California.

/s/ *Lynda G. Johnson*
Lynda G. Johnson