SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
　A Limited Liability Partnership
　Including Professional Corporations
DOUGLAS R. HART, Cal. Bar No. 115673
JENNIFER B. ZARGAROF, Cal. Bar No. 204382
DANIEL J. McQUEEN, Cal. Bar No. 217498
JULIE WONG, Cal. Bar No. 247342
333 South Hope Street, 48th Floor
Los Angeles, California  90071-1448
Telephone:  213-620-1780
Facsimile:   213-620-1398
dhart@sheppardmullin.com
jzargarof@sheppardmullin.com
dmcqueen@sheppardmullin.com
jwong@sheppardmullin.com

Attorneys for Defendants LONGS DRUG
STORES CALIFORNIA, INC.; LONGS
DRUG STORES CORPORATION; LONGS
DRUG STORES CALIFORNIA, L.L.C.,
LONGS DRUG STORES, L.L.C., CVS
CAREMARK CORPORATION

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES JONES, individually, and on behalf of other members of the general public similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LONGS DRUG STORES CALIFORNIA, INC., a California corporation; LONGS DRUG STORES CORPORATION, a Maryland corporation; LONGS DRUG STORES CALIFORNIA, L.L.C., a California limited liability corporation; LONGS DRUG STORES, L.L.C., a Maryland limited liability corporation; CVS CAREMARK CORPORATION, a Delaware corporation;<br><br>　　　　Defendants. | Case No.: 08-cv-2156 W NLS<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date:  November 16, 2009<br>Time:  10:30 a.m.<br>Room:  7<br><br>NO ORAL ARGUMENT PURSUANT TO LOCAL RULE<br><br>[Filed concurrently with Notice of Motion and Motion, Memorandum of Points and Authorities, Separate Statement of Undisputed Material Facts, Declarations of Sandy Reynoso and Daniel J. McQueen, and [Proposed] Order]<br><br>[Complaint Filed:  November 21, 2008]<br>Trial Date:  None Set |

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Defendants Longs Drug Stores California, Inc., Longs Drug Stores Corporation, Longs Drug Stores California, L.L.C., Longs Drug Stores, L.L.C., and CVS Caremark Corporation hereby request that this Court take judicial notice of the following:

1.     The July 27, 2004 Senate Bill Analysis for SB 1618.  Legislative history is judicially noticeable.  *See, e.g.*, Chaker v. Crogan, 428 F.3d 1215, 1223 fn.8 (9th Cir. 2004) ("We grant Chaker's motion for judicial notice, in which he requests we take judicial notice of the legislative history of § 148.6….")  A true and correct copy of this Senate Bill Analysis is attached to this request as Exhibit 1.

2.     The September 5, 2008 Complaint in the Rubin v. Wal-Mart Stores, Inc., matter (N.D. Cal. Case No. CV08-4214 CW).  Court documents filed in other matters are judicially noticeable.  *See, e.g.*, Green v. Warden, U.S. Penitentiary, 699 F.2d 364, 369 (7th Cir. 1983) ("federal courts may also take notice of proceedings in other courts, both within and outside of the federal judicial system…."); *see also* Holder v. Holder, 305 F.3d 854. 866 (9th Cir. 2002)

1   (court takes judicial notice of court documents filed in other litigation).  A true and

2   correct copy of this Complaint is attached to this request as Exhibit 2.

3

4   Dated:  October 15, 2009          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

5

6                                      By

7                                          DOUGLAS R. HART
                                           JENNIFER B. ZARGAROF
                                           DANIEL J. McQUEEN
8                                          JULIE WONG

9                                      Attorneys for Defendants LONGS DRUG
                                       STORES CALIFORNIA, INC.; LONGS
10                                     DRUG STORES CORPORATION; LONGS
                                       DRUG STORES CALIFORNIA, L.L.C.,
11                                     LONGS DRUG STORES, L.L.C., CVS
                                       CAREMARK CORPORATION
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

```
--------------------------------------------------------
|SENATE RULES COMMITTEE            |          SB 1618|
|Office of Senate Floor Analyses   |                 |
|1020 N Street, Suite 524          |                 |
|(916) 445-6614        Fax: (916)  |                 |
|327-4478                          |                 |
--------------------------------------------------------
```

### UNFINISHED BUSINESS

```
Bill No:  SB 1618
Author:   Battin (R)
Amended:  7/12/04
Vote:     21
```

SENATE LABOR & INDUST. RELATIONS COMMITTEE : 8-0, 4/14/04
AYES: Alarcon, Oller, Dunn, Figueroa, Kuehl, Margett,
  McClintock, Romero

SENATE APPROPRIATIONS COMMITTEE : 7-0, 5/20/04
AYES: Alpert, Battin, Aanestad, Ashburn, Johnson,
  Karnette, Poochigian
NO VOTE RECORDED: Bowen, Burton, Escutia, Machado, Murray,
  Speier

SENATE FLOOR : 37-0, 5/26/04
AYES: Aanestad, Ackerman, Alarcon, Alpert, Ashburn,
  Battin, Bowen, Brulte, Burton, Chesbro, Denham, Ducheny,
  Dunn, Escutia, Figueroa, Florez, Hollingsworth, Johnson,
  Karnette, Kuehl, Machado, Margett, McClintock, McPherson,
  Morrow, Murray, Oller, Ortiz, Perata, Poochigian, Romero,
  Scott, Soto, Speier, Torlakson, Vasconcellos, Vincent
NO VOTE RECORDED: Cedillo, Sher, Vacancy

ASSEMBLY FLOOR : Not available


SUBJECT : Employee compensation

SOURCE : Author


DIGEST : This bill requires employers, by January 1,
                                        CONTINUED


                                        SB 1618

2008, to only provide the last four digits or less of an employees social security number (SSN) along with the employees name and other required information on the itemized statement furnished at the time of each payment of wages to an employee.  This bill allows an employee identification number to be used in lieu of a SSN on the itemized statement.

  Assembly Amendments  provide that the bill's requirement shall commence  January 1, 2008.

  ANALYSIS  :   Existing law provides that every employer must furnish each employee with an itemized statement at the time of each payment of wages that shows among other things, the name and SSN of the employee.  A knowing and intentional violation of this provision is a misdemeanor.

  Existing law exempts the state or a city, county, city and county, district, or other governmental entity from these provisions.

  This bill requires that instead of the employee's entire SSN, by January 1, 2008, only its last four digits or less will be shown on the itemized statement.  It also allows an employee identification number to be used in lieu of the SSN on the itemized statement.

This bill clarifies that its provisions do not apply to any state, any city, county, city and county, district, or any other governmental entity unless they furnish the employees with a check, draft or voucher paying the employee's wages. In that case, they shall use no more than the last four digits of the SSN or shall use an existing employee identification number on that check, draft or voucher.

  NOTE:  California is the only state that requires the SSN
        to be displayed on employee payroll statements.

  FISCAL EFFECT  :   Appropriation: No   Fiscal Com.:  Yes
Local:  Yes

According to the Senate Appropriations Committee:

            Fiscal Impact (in thousands)

  Major Provisions          2004-05      2005-06

|             2006-07              |         Fund         |
| --- |

Enforcement                    Minor, if any, costs
General/Local

Penalties                      Minor, if any, costs
General/Local

The State Controller already complies with the provisions
of this bill and thus incurs no additional cost.

SUPPORT  :  (Verified  7/12/04)

American Payroll Association
California Manufacturers and Technology Association
California School Employees Association
Kaiser Permanente
Service Employees International Union

ARGUMENTS IN SUPPORT  :   Proponents argue that this bill
addresses growing concerns about identity theft.  It offers
needed protection to employees and will help stem identity
theft crimes.  Proponents state that unauthorized use of
SSNs is the most common way criminals are committing
identity theft.  Should an individual's name and SSN get
into the wrong hands, vital information could be pasted
together to allow a criminal to access an individual's
personal and often financial information.  This bill limits
employers to use only the last four digits or less of an
employee's SSN or an employee identification number to
verify proper distribution without revealing undisclosed
information.

NC:mel  7/27/04   Senate Floor Analyses

                 SUPPORT/OPPOSITION:  SEE ABOVE

                      ****  END  ****

**EXHIBIT 2**

**FILE BY FAX**

**ORIGINAL**

1  Alan Harris (SBN 146079)
2  David Zelenski (SBN 231768)
   HARRIS & RUBLE
3  5455 Wilshire Boulevard, Suite 1800
   Los Angeles, California 90036
4  Telephone: (323) 931-3777
   Facsimile: (323) 931-3366
5  law@harrisandruble.com
   dzelenski@harrisandruble.com
6
   Attorneys for Plaintiff
7
8

**FILED**

**E-filing**

SEP  5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

10
11  BENNETT RUBIN, individually
    and on behalf of all others similarly
12  situated,

13              Plaintiffs,

14      v.

15  WAL-MART STORES, INC. a
    Delaware corporation, and DOE
16  ONE through and including DOE
    TEN,
17
18              Defendants.
19

**CV 08  4214  CW**

Case No.

**COMPLAINT**

*[Class-Action Complaint]*

1.    29 U.S.C. § 216

2.    Cal. Lab. Code § 203

3.    Cal. Lab. Code § 226

4.    Cal. Bus. & Prof. Code § 17200 *et seq.*

**DEMAND FOR JURY TRIAL**

20       COMES NOW Plaintiff, and for his causes of action against Defendants, alleges
21  as follows:

22            **JURISDICTION AND VENUE**

23       1.    This Court has original jurisdiction over this action pursuant to the Fair
24  Labor Standards Act, 29 U.S.C. §§ 201 through 219 in general, and §§ 207(a)(1) and
25  216(b) in particular.  The Court also has supplemental jurisdiction over Plaintiff's state-
26  law claims pursuant to 28 U.S.C. § 1367.

27       2.    Venue is proper in the Northern District of California because Defendant
28  WAL-MART STORES, INC. is subject to personal jurisdiction in that District.

## PARTIES

3.    Plaintiff BENNETT RUBIN ("Plaintiff") is an individual who, during the time periods relevant to this Complaint, was employed by Defendant WAL-MART STORES, INC. in Panorama City, California.

4.    Defendant WAL-MART STORES, INC. ("Wal-Mart" or "Defendant") is a Delaware corporation, doing business in the State of California, with principal offices in the State of Arkansas. Wal-Mart operates more than 200 Wal-Mart and Sam's Club stores in California, and each store employs hundreds of non-exempt hourly workers. Over the past five years, Wal-Mart has employed at any given time approximately 61,000 workers in California. It is the larges private employer in the United States.

5.    Plaintiff is unaware of the true names, identities, and capacities, whether individual, corporate, or otherwise, of Defendants DOE ONE through and including DOE TEN, but leave of Court will be prayed to amend this Complaint to insert the same herein when finally ascertained. Plaintiff is informed, believes, and thereon alleges that each fictitiously named Defendant is legally responsible for the acts, omissions, and damages hereinafter alleged.

## GENERAL ALLEGATIONS

6.    Plaintiff brings this action to recover damages and monies due for all similarly situated current and former employees of Wal-Mart for Wal-Mart's failure to pay all overtime compensation owing to them and for Wal-Mart's failure to timely pay all wages due discharged and/or quitting employees.

7.    The Fair Labor Standards Act ("FLSA") states:

[N]o employer shall employer any of his employees who in any workweek
is engaged in commerce or in the production of goods for commerce, or is
employed in an enterprise engaged in commerce or in the production of
goods for commerce, for a workweek longer than forty hours unless such
employee receives compensation for his employment in excess of the hours
above specified at a rate not less than one and one-half times the regular rate

at which he is employed.

29 U.S.C. § 207(a)(1).  The FLSA defines "regular rate":  "As used in this section the 'regular rate' at which an employee is employed shall be deemed to include *all* remuneration for employment paid to, or on behalf of, the employee."  Id. § 207(e) (emphasis supplied).

8.    Plaintiff was employed by Wal-Mart as an hourly, non-exempt employee from approximately May 2, 1998, to approximately September 19, 2006.  True and correct copies of some of his Wal-Mart pay stubs are attached hereto as Exhibit 1.  As reflected on those pay stubs, Wal-Mart would pay its California employees an extra hour of wages for each meal period that it failed to provide.  See section 226.7 of the California Labor Code, which section states that, "[i]f an employer fails to provide an employee a meal period or rest period . . . , the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period  is not provided."  Cal. Lab. Code § 226.7(b).  According to the California Supreme Court, the extra hour of compensation owing on account of foregone meal periods is a wage.  Murphy v. Kenneth Cole Prods., Inc., 40 Cal. 4th 1094, 1114 ("[T]he 'additional hour of pay' is a premium wage intended to compensate employees.").

9.    As reflected on Plaintiff's pay stubs, for example, Plaintiff received an extra hour of wages for a foregone meal break during the pay period ending September 1, 2006.  In addition, Plaintiff received overtime compensation during that pay period.  However, Wal-Mart calculated Plaintiff's overtime rate of pay without including the extra hour of compensation he received on account of the missed meal period.  In other words, Plaintiff, as well as all other non-exempt Wal-Mart employees who earned overtime wages and meal-premium wages during the same pay period, have not received all wages due and owing.

10.    Again, on approximately September 19, 2006, Plaintiff quit his employment

with Wal-Mart.  He received his final paycheck on September 28, 2008, which was the next regularly scheduled payday.  However, that paycheck did not include his accrued vacation pay.  In addition, although Plaintiff has since been paid his accrued vacation pay—he was paid by way of separate check approximately one week later—his final paycheck did not include all of the overtime wages due him on account of Wal-Mart's miscalculation of his regular rate of pay.

11.     Section 201 of the California Labor Code provides that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."  Cal. Lab. Code § 201(a).  Likewise, section 202 of the California Labor Code provides that, "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter."  Id. § 202(a).  Because Wal-Mart did not pay Plaintiff all overtime wages due him, Wal-Mart has violated section 202 of the California Labor Code.  In addition, all other non-exempt Wal-Mart employees who earned overtime wages and meal-premium wages during the same pay period and who either quit their employment with Wal-Mart or were discharged by Wal-Mart have likewise not been paid all wages due and owing.  Wal-Mart also systematically fails to make timely payment of unpaid vacation pay to discharged and quitting employees.

12.     In addition to failing to pay the appropriate amount of overtime to employees and failing to timely pay former employees, Wal-Mart provides its employees with pay stubs that do not contain all of the information required by the California Labor Code.  Section 226 of the California Labor Code provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee,

except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

Id. § 226(a). First, the pay stubs misstate the correct overtime rate of pay on account of the meal-premium wage described above. Second, the pay stubs do not list the total hours worked by employees.

13.   Throughout the class period defined *infra*, Wal-Mart administered and employed a corporate policy, practice, and/or custom concerning the underpayment of overtime compensation, the corresponding untimely payment of final wages, the untimely payment of accrued vacation pay to terminated and quitting employees, and the failure to accurately record and report wages earned and hours worked on employee pay stubs.

14.   The systematic illegal employment practices set forth above constitute violations of the California Labor Code and the FLSA, and they have resulted in the

SEP-05-2008 13:06 FROM:HARRIS AND RUBLE   3239313366   TO:16419340800   P.7

1   unjust enrichment of Wal-Mart. Accordingly, these actions are unlawful and unfair, and

2   they constitute violations of section 17200 *et seq.* of the California Business and

3   Professions Code.

### CLASS-ACTION ALLEGATIONS

5      15.   The Class represented by Plaintiff consists of all natural persons who

6   were tendered a check for services performed for Wal-Mart in California during the

7   period beginning four years prior to the filing of this case through the date of the filing

8   of a motion for class certification. At the time of filing a motion for class certification,

9   the Class may be redefined to include subclasses.

10      16.   <u>Numerosity</u>. The number of Class Members is great, believed to be in

11   excess of ten-thousand persons. It therefore is impractical to join each Class Member as

12   a named plaintiff. Accordingly, utilization of a class action is the most economically

13   feasible means of determining the merits of this litigation.

14      17.   <u>Ascertainability</u>. Despite the size of the proposed Class, Class Members are

15   readily ascertainable through an examination of the records that Wal-Mart is required by

16   law to keep. Likewise, the dollar amount owed to each Class Member is readily

17   ascertainable by an examination of those same records.

18      18.   <u>Commonality</u>. Common questions of fact and of law predominate with

19   respect to Class Members' claims over individual issues regarding the money owed to

20   each Class Member. The questions include, but are not limited to, the following:

21      a.   Whether Wal-Mart miscalculated employees' overtime compensation

22   on account of failing to include the meal-premium wage in the regular rate of pay.

23      b.   Whether Wal-Mart failed to pay former employees all wages due at the

24   time of termination on account of the miscalculation of the regular rate of pay.

25      c.   Whether Wal-Mart failed to pay former employees all accrued vacation

26   pay upon termination.

27      d   Whether Wal-Mart failed to provide accurate itemized wage

28   statements to its employees.

SEP-05-2008 13:06 FROM:HARRIS AND RUPLE    3239313366    TO:14159340900    P.8

3   Whether Wal-Mart's conduct constitutes unlawful, unfair, or fraudulent business practices.

f   Whether Wal-Mart's conduct constitutes unfair competition;

g   Whether Class Members are entitled to injunctive relief prohibiting Wal-Mart from not providing employees with all wages earned and unpaid promptly upon termination or resignation.

h   Whether Class Members are entitled to damages and equitable relief for Wal-Mart's not providing employees with accurate itemized wage statements.

19. <u>Community of Interest</u>.  There is a well-defined community of interest in the questions of law and fact common to the Class Members.

20. <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the Class Members, which claims all arise from the same general operative facts, namely, Defendant did not compensate its employees as required by the FLSA's overtime provisions, did not pay in a timely manner those employees who either quit or were discharged all wages due and owing, and did not furnish to its employees all of the information required by section 226 of the California Labor Code.

21. <u>Superiority</u>.  A class action is a superior method for the fair and efficient adjudication of this controversy.  The persons within the Class are so numerous that joinder of all of them is impracticable.  The disposition of all claims of Members of the Class in a class action, rather than in individual actions, benefits the parties and the Court.  The interest of the Class Members in controlling the prosecution of separate claims against Wal-Mart is small when compared with the efficiency of a class action.

22. <u>Adequacy of Representation</u>.  The Representative Plaintiff in this class action is an adequate representative of the Class in that the Representative Plaintiff's claims are typical of those of the Class and the Representative Plaintiff has the same interest in the litigation of this case as the Class Members do.  The Representative Plaintiff is committed to the vigorous prosecution of this case, and he has retained

1  competent counsel experienced in litigation of this nature and with sufficient financial

2  resources to undertake the matter.  The Representative Plaintiff is not subject to any

3  individual defenses unique from those conceivably applicable to the Class as a whole.

4      23.   <u>Manageability</u>.  Although this Class consists of thousands of employees and

5  former employees, the matter is manageable as a class action, the data required to

6  establish liability and prove damages is readily available in computerized databases.

7  **FLSA COLLECTIVE-ACTION ALLEGATIONS**

8      24.   In this collective action, Plaintiff seeks to represent all non-exempt

9  employees of Wal-Mart who have not received all of the overtime wages due them on

10  account of the miscalculation of their regular rate of pay.

11      25.   Plaintiff is similarly situated with the Collective-Action Members in that (a)

12  Plaintiff and the Collective-Action Members were employed by Wal-Mart, (b) Plaintiff

13  and the Collective-Action Members were not paid all of their overtime wages, and (c)

14  Wal-Mart systematic failure to pay the Collective-Action Members constitutes a

15  knowing and willful violation of the FLSA.

16      26.   This action is maintainable as an "opt-in" collective action pursuant to 29

17  U.S.C. § 216(b) as to claims for unpaid overtime, liquidated damages, costs, and

18  attorney's fees.

19      27.   All individuals employed by Wal-Mart who did not receive all of the

20  overtime wages due them on account of the miscalculation of their regular rate of pay

21  should be allowed to give their consent in writing—i.e., to "opt in"—to the collective

22  action pursuant to 29 U.S.C. § 216(b).  A true and correct copy of Plaintiff's FLSA

23  Consent Form is attached hereto as Exhibit 2.

24  **FIRST CLAIM FOR RELIEF**

25  (29 U.S.C. § 216)

26      28.   Plaintiff re-pleads, re-alleges, and incorporates by reference each and every

27  allegation set forth in the Complaint.

28      29.   Again, Wal-Mart has calculated its employees' overtime rate of pay without

1     including the extra compensation they receive on account of missed meal periods. In

2     other words, Plaintiff, as well as all other non-exempt Wal-Mart employees who earned

3     overtime wages and meal-premium wages during the same pay period, have not received

4     all wages due and owing.

5         30.     Accordingly, Plaintiff and Collective-Action Members are entitled to be

6     paid according to proof the damages specified by 29 U.S.C. § 216. In addition, Plaintiff

7     is entitled to attorney's fees and costs pursuant to 29 U.S.C. § 216.

8                     **SECOND CLAIM FOR RELIEF**

9                      (Cal. Lab. Code § 203)

10        31.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every

11     allegation set forth in the Complaint.

12        32.     Wal-Mart has routinely failed to timely pay Plaintiff and other former

13     employees all wages due them on termination of employment. Wal-Mart has violated the

14     California Labor Code provisions concerning the timely payment of wages upon

15     termination, namely, sections 201 and 202.

16        33.     Section 203 of the California Labor Code provides:

17         If an employer willfully fails to pay, without abatement or reduction, in

18         accordance with Sections 201, 201.5, 202 and 202.5, any wages of an

19         employee who is discharged or quits, the wages of the employee shall

20         continue as a penalty from the due date thereof at the same rate until paid or

21         until action therefor is commenced, but the wages shall not continue for

22         more than 30 days.

23     Cal. Lab. Code § 203. Wal-Mart's failure to timely pay terminated employees all wages

24     due and owing, despite its knowledge of its obligation to do so, is "willful" within the

25     meaning of section 203. Accordingly, Plaintiff and Class Members are entitled to up to

26     thirty days of continuing wages.

27        34.     Additionally, Plaintiff is entitled to costs and attorney's fees, demand for

28     which is hereby made in accord with the provisions of the California Labor Code.

## THIRD CLAIM FOR RELIEF

### (Cal. Lab. Code § 226)

35.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in the Complaint.

36.    Wal-Mart employed Plaintiff and Class Members but failed to provide them with the data required by section 226 of the California Labor Code.

37.    Accordingly, Plaintiff and each Class Member is entitled to damages, and Plaintiff is entitled to costs and attorney's fees, demand for which is hereby made in accord with the provisions of section 226(e) of the California Labor Code.

## FOURTH CLAIM FOR RELIEF

### (Cal. Bus. & Prof. Code § 17200 et seq.)

38.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in the Complaint.

39.    Plaintiff is suing both in his individual capacity and on behalf of the general public, and he is a proper representative Plaintiff because he has suffered direct harm from the illegal business practices herein alleged.

40.    Wal-Mart has committed acts of unfair business practice as defined in California Business and Professions Code section 17200 *et seq.* by systematically excluding meal-premium wages when calculating its employees' regular rates of pay. By doing so, Wal-Mart underpays overtime compensation to its employees, in violation of the FLSA, and necessarily fails to pay certain terminated employees all wages due and owing, in violation of the California Labor Code.

41.    Under section 17200 *et seq.*, this Court is authorized to enter such judgment or order as may be necessary to restore to any person in interest the money or property acquired by Wal-Mart through its unlawful and unfair business practices.

42.    Plaintiff and Members of the class are therefore entitled to a judgment of this Court requiring Defendant to pay to Plaintiff and each identifiable Class Member the unpaid overtime wages to which such individuals were and are entitled but which have

SEP-05-2008 13:06 FROM:HARRIS AND RUBLE    3239313366    TO:14159340200    P.12
Case4:08-cv-04214-SBA   Document1   Filed09/05/08   Page11 of 16

1   been denied them by reason of Wal-Mart's conduct alleged herein.  In other words,

2   Plaintiff and the other employees are entitled to restitution of their unpaid overtime

3   wages improperly withheld by Wal-Mart, as such funds should be distributed to the

4   individuals who are rightfully entitled to such monies.

5       43.     The named Plaintiff is a proper person to bring this litigation as a

6   "representative action" to compel restitution.  The named Plaintiff is a person who has

7   suffered damage as a result of the unlawful actions of Wal-Mart herein alleged.  The

8   actions of Wal-Mart herein alleged are in violation of the FLSA and California Labor

9   Code, and, accordingly, a court order compelling it to cease and desist from such actions

10  and to make restitution is a vindication of an important public right.  The extent to which

11  Wal-Mart has been unjustly enriched as a result of its unlawful and unfair business

12  practices is a matter that can be ascertained by an examination of the payroll and

13  accounting records that Wal-Mart is required by law to keep and maintain and that Wal-

14  Mart has kept and maintained.

15      44.     The identity of the persons to whom restitution should be made is a matter

16  that can be ascertained from those records that Wal-Mart is required by law to keep and

17  maintain and that it has kept and maintained.

18      45.     Plaintiff's efforts in securing the requested relief will result "in the

19  enforcement of an important right affecting the public interest," as "a significant benefit,

20  whether pecuniary or nonpecuniary, [will] be[] conferred on . . . a large class of persons."

21  Cal. Civ. Proc. Code § 1021.5.  Moreover, because "the necessity and financial burden of

22  private enforcement . . . are such as to make [an attorney's fee] award appropriate, and

23  [because attorney's] fees should not in the interest of justice be paid out of the recovery,

24  if any," id., Plaintiff requests that the Court also award reasonable attorney's fees

25  pursuant to the provisions of section 1021.5 of the California Code of Civil Procedure.

26      46.     Plaintiff and the Class Members have no plain, speedy, or adequate remedy

27  at law, inasmuch as Wal-Mart, unless enjoined by an order of this Court, will continue to

28  violate systematically the provisions of the FLSA and California Labor Code.

47.    Accordingly, injunctive relief is proper and necessary pursuant to section 17203 of the California Business and Professions Code.

48.    Pursuant to section 17205, the remedies and penalties provided by section 17200 *et seq.* are cumulative to the remedies and penalties available under all other laws of this state.

**WHEREFORE**, Plaintiff prays judgment as follows:

1.    That the Court certify the class action described in this Complaint.

2.    That the Court certify the collective action described in this Complaint.

3.    With respect to the First Claim for Relief, that the Court enter judgment in favor of Plaintiff and Collective-Action Members in the amount of damages, liquidated damages, attorney's fees, and costs, each according to proof.

4.    With respect to the Second Claim for Relief, that the Court award Plaintiff and the Class members damages according to proof, attorney's fees, and costs, each according to proof.

5.    With respect to the Third Claim for Relief, that the Court enter judgment in favor or Plaintiff and Class Members damages according to proof, attorney's fees, and costs, each according to proof.

6.    Also with respect to the Third Claim for Relief, that the Court grant Plaintiff an injunction in order to prevent Defendant from continuing to violate section 226 of the California Labor Code.

7.    With respect to the Fourth Claim for Relief, that the Court enter judgment in favor of Plaintiff and Class Members for restitution, attorney's fees, and costs, each according to proof.

8.    Also with respect to the Fourth Claim for Relief, that the Court grant Plaintiff an injunction in order to prevent Defendant from continuing to violate the FLSA with respect to the miscalculation of overtime compensation.

9.    For such further relief as the Court may order.

/ / / / /

DATED:  September 5, 2008

HARRIS & RUBLE

_Alan Harris_
Alan Harris
*Attorney for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED:  September 5, 2008

HARRIS & RUBLE

_Alan Harris_
Alan Harris
*Attorneys for Plaintiff*

M105029

WAL T MART

BENNETT D RUBIN                        01WS          FEDERAL TAX          3985    95719
                                       XXXXXX1125    SOCIAL SECURITY      5476   114045
                                                     SDI TAX               565    11918
REGULAR EARNING   96500   7083   48551  1323172 CALIFORNIA                 676    16533
OVERTIME EARN    147912     52     473   48000 PERS HRS AVAIL    4947        00
CA MEAL PREM      96500    100     965     965 CO STK CONT        300      3300
OVERTIME/INCT                       00   20000 STOCK  PURCH      2000     22000
MY$HARE INCT                        00   36695
VAC    PAY                          00   30240
HOLIDAY PAY                        300    3500
CO STK CONT                         00    1930
PERSONAL TIME                            23694
SUNDAY PREMIUM    10000   1500    1500
VAC HRS AVAIL              8970
SICK HRS AVAIL            4599

ARE YOU IN THE RIGHT MEDICAL PLAN? OPEN ENROLLMENT: 8/16-10/27
71589.       10702      2300         58587  08-19-2006    062393008          58587
1490793     238215     41400      1211178  09-01-2006    CHECK NUMBER    AMT OF CHECK

SEC M089263

WAL T MART

BENNETT D RUBIN                        01WS          FEDERAL TAX         18241   119388
                                       XXXXXX1125    SOCIAL SECURITY     13118   133670
                                                     SDI TAX              253    12851
REGULAR EARNING   96500   3169   30581  1430596 CALIFORNIA              3568    21065
OVERTIME EARN                       00   48188 CO STK CONT        300    3900
CA MEAL PREM                        00     965 STOCK  PURCH      2000   26000
OVERTIME/INCT                       00     697 DRAW OR ALLOW   109664  109664
PERS P/OUNUSED    96500   5518   53249   53249
VAC P/O UNUSED    96500   8970   86560   86560
MY$HARE INCT                        00   20000
VAC    PAY                          00   36695
HOLIDAY PAY                         00   37960
CO STK CONT                        300    3900
PERSONAL TIME                       00    1930
SUNDAY PREMIUM    10000    795     795   24489
SICK HRS AVAIL            4875

ASSOCIATE DISCOUNT - CHILDREN'S TUTORING - WALMARTBENEFITS.COM
171485      35180     111966       24341  09-16-2006   063776277         24341
1747329    286974    155664      1304691  09-29-2006   CHECK NUMBER   AMT OF CHECK

Exhibit 1, Page 1

SEQ:X113236

WAL ★ MART
702 S W 8th St
Bentonville AR 72716

| BENNETT D RUBIN | | | 01WS | | FEDERAL TAX | 5778 | 64530 |
| DESCRIPTION | RATE | HOURS | EARNINGS | YEAR TO DATE | SOCIAL SECURITY | 6763 | 76538 |
| | | | | XXXXXX1125 | SDI TAX | 707 | 8004 |
| REGULAR EARNING | 96500 | 8000 | 77200 | 874042 | CALIFORNIA | 1031 | 11167 |
| OVERTIME EARN | 147467 | 106 | 1563 | 26066 | PERS HRS AVAIL | 5147 | 00 |
| OVERTIME/INCT | | | 00 | 697 | CO STK CONT | 300 | 1500 |
| MY★HARE INCT | | | 00 | 20000 | STOCK PURCH | 2000 | 10000 |
| VAC    PAY | | | 00 | 36695 | | | |
| HOLIDAY PAY | 96500 | 800 | 7720 | 22520 | | | |
| CO STK CONT | | | 300 | 1500 | | | |
| SUNDAY PREMIUM | 10000 | 1613 | 1613 | 16874 | | | |
| VAC HRS AVAIL | | 8970 | | | | | |
| SICK HRS AVAIL | | 3468 | | | | | |

ASSOCIATE CRUISES FROM $259. RESTRICTIONS APPLY. 888-733-0081

| 88396 | 14279 | 2300 = | 71817 | 05-27-2006 | 058284468 | 71817 |
| 1000494 | 160239 | 27600 = | 812655 | 06-09-2006 | | |
| EARNINGS | TAXES | DEDUCTIONS | NET PAY | | CHECK DATE | AMT OF CHECK |

STATEMENT OF EARNINGS AND DEDUCTIONS • DETACH AND RETAIN FOR YOUR RECORDS

---

SEQ:H064374

WAL ★ MART
702 S W 8th St
Bentonville AR 72716

| BENNETT D RUBIN | | | 01WS | | FEDERAL TAX | 4957 | 58752 |
| DESCRIPTION | RATE | HOURS | EARNINGS | YEAR TO DATE | SOCIAL SECURITY | 6146 | 69775 |
| | | | | XXXXXX1125 | SDI TAX | 643 | 7297 |
| REGULAR EARNING | 96500 | 8000 | 77200 | 796842 | CALIFORNIA | 870 | 10136 |
| OVERTIME EARN | 147719 | 84 | 1240 | 24503 | PERS HRS AVAIL | 5147 | 00 |
| OVERTIME/INCT | | | 00 | 697 | CO STK CONT | 300 | 1200 |
| MY★HARE INCT | | | 00 | 20000 | STOCK PURCH | 2000 | 8000 |
| VAC    PAY | | | 00 | 36695 | | | |
| HOLIDAY PAY | | | 00 | 14800 | | | |
| CO STK CONT | | | 300 | 1200 | | | |
| SUNDAY PREMIUM | 10000 | 1600 | 1600 | 15261 | | | |
| VAC HRS AVAIL | | 8970 | | | | | |
| SICK HRS AVAIL | | 3262 | | | | | |

WM AWARD FOR ETHICAL COURAGE NOMINATION FORM ON THE WIRE (59)

| CURRENT | 80340 | 12616 | 2300 = | 65424 | 05-13-2006 | 057510504 | 65424 |
| YEAR TO DATE | 912098 | 145960 | 25300 = | 740838 | 05-26-2006 | | |
| | EARNINGS | TAXES | DEDUCTIONS | NET PAY | | CHECK DATE | AMT OF CHECK |

STATEMENT OF EARNINGS AND DEDUCTIONS • DETACH AND RETAIN FOR YOUR RECORDS

Exhibit 1, Page 2

# FLSA CONSENT FORM

Pursuant to the provisions of 29 U.S.C. § 216(b), the Fair Labor Standards

Act, I hereby consent to be a party plaintiff to this action.

9/2/08
Date

BENNETT RUBIN
Print Name

X Bennett Rubin
Signature

Exhibit 2

1

## PROOF OF SERVICE

2

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3       I am employed in the County of Los Angeles; I am over the age of eighteen
years and not a party to the within entitled action; my business address is 333 South Hope
4 Street, 48th Floor, Los Angeles, California 90071-1448.

5       On **October 19, 2009**, I served the following document(s) described below
as:

6

7 **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR
PARTIAL SUMMARY JUDGMENT**

8

on the interested parties as follows:

9

10      Marc Primo
        Matthew T. Theriault
        Dina Livhits
11      Initiative Legal Group LLP
        1800 Century Park East, 2nd Floor
12      Los Angeles, CA  90067
        telephone:  310-556-5637
13      facsimile:  310-861-9051

14

15 ☒   **BY CM/ECF SYSTEM**:  I caused the above-referenced document(s) to be sent by
        electronic transmission to the Clerk's Office using the CM/ECF System for filing
16      which generated a Notice of Electronic Filing to the CM/ECF registrants in this
        case.

17

18 ☒   **FEDERAL:**  I declare that I am employed in the office of a member of the bar of
        this Court at whose direction the service was made.  I declare under penalty of
19      perjury under the laws of the United States of America that the foregoing is true and
        correct.

20      Executed on **October 19, 2009**, at Los Angeles, California.

21

22                              /s/ *Lynda G. Johnson*
                                Lynda G. Johnson
23

24

25

26

27

28